NOT DESIGNATED FOR PUBLICATION

Nos. 123,181
123,182

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SEAN P. MCCAWLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; SALLY D. POKORNY, judge. Opinion filed July 30, 2021.
Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2020 Supp. 21-6820(g) and (h).

Before SCHROEDER, P.J., MALONE, J., and BURGESS, S.J.

PER CURIAM: Sean P. McCawley appeals the district court's decision revoking his probation and ordering him to serve his original sentences in two separate cases. We granted McCawley's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State has responded and asks us to affirm the district court's judgment.

In 2015CR511, McCawley was convicted of unlawful distribution of a controlled substance using a communication facility. The district court sentenced him to 9 months' imprisonment but granted probation for 18 months. In 2015CR703, McCawley was convicted of possession of methamphetamine. The district court sentenced him to 14

1

months' imprisonment, consecutive to the sentence in 2015CR511, but granted probation for 18 months. In April 2018, the district court extended McCawley's probation in both cases and ordered him to serve a two-day jail sanction after finding that he violated the conditions of his probation.

In February 2019, the State alleged that McCawley violated his probation again by failing to obey the law, failing to report as directed, and using alcohol or illegal drugs. The allegation that he failed to obey the law was related to McCawley's arrest for kidnapping, criminal threat, and criminal deprivation of property. As part of a plea agreement in the kidnapping case, McCawley agreed to plead no contest to two counts of attempted robbery and to stipulate that he violated the conditions of his probation in 2015CR511 and 2015CR703. At a hearing on March 10, 2020, the district court found that McCawley committed new crimes while on probation. The district court revoked McCawley's probation in each case and ordered him to serve his original sentences. McCawley timely appealed and the cases have been consolidated on appeal.

On appeal, McCawley claims the district court "abused its discretion by revoking [his] probations and imposing both underlying sentences consecutively because no reasonable person would agree with that decision." Although McCawley did not oppose the imposition of consecutive sentences in district court, he asserts on appeal that "a reasonable person would have imposed a lesser sentence to punish nonviolent drug-related conduct."

The procedure for revoking a defendant's probation is governed by K.S.A. 2020 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

McCawley violated his probation by committing new crimes. As a result, the district court could revoke McCawley's probation in each case without imposing an additional intermediate sanction. See K.S.A. 2015 Supp. 22-3716(c)(8). As for the district court's order that McCawley serve his original consecutive sentences, McCawley did not ask the district court to modify the sentences from consecutive to concurrent at the probation revocation hearing. The district court is not required to consider on the record whether the defendant's sentence should be modified when the issue is not raised at the hearing. *State v. Reeves*, 54 Kan. App. 2d 644, 647, 403 P.3d 655 (2017).

McCawley performed poorly on probation and violated the terms of his probation by committing serious crimes. The district court's decision to revoke McCawley's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. McCawley has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his original prison sentences.

Affirmed.